Good morning, Your Honors. Your Honor, this case presents... Counsel, would you please introduce yourself for the record? Good morning, Your Honor. My name is Ashwani Bakri for Petitioner Singh. The issue in this case is whether the Board abused its discretion in rejecting Petitioner's late-filed brief. Petitioner filed a Notice of Appeal to his former counsel, Mr. Aluwalia, and he checked the box stating that a separate brief will be filed. A brief, timely brief was never filed. However, Mr. Aluwalia filed a late brief, which was approximately three weeks after deadline, and stating the reasons for late brief. But as a matter of law, doesn't the Board have the authority to enforce the rule? Your Honor, it does, but as long as... if there's an explanation why the brief was not timely filed. But in this particular case, Mr. Aluwalia, former counsel of Mr. Singh, gave an explanation. The counsel provided a small statement stating the reasons why a timely brief was not filed. He cited miscommunication between him and the respondent. And he gave multiple reasons. One reason was that he was moving his office. Secondly, he thought the respondent doesn't wish him to represent before the Board. And third reason was that that payment was never received. And counsel admitted specifically that all was wrong. It was not the respondent's fault that he made the payment, and there was a confusion concerning the whole scenario. So Board, by rejecting the late brief, erred and abused its discretion. Had the Board accepted the brief, the outcome in this case would have been different, Your Honor. Board summarily rejected the appeal, specifically stating that we hereby return the brief to the counsel, and they also said that a decision on the marriage will be made. That decision was never made, Your Honor. Rather, Board summarily dismissed the respondent's appeal. We submit that. Wait a minute. Do we apply an abuse of discretion standard on the timeliness? If the brief was not served timely, that's not a matter of abuse of discretion. That's a matter of law, is it not? That could be both, Your Honor, as a matter of law and also be submitted as abuse of discretion. I'm not clear. Procedurally, it was kind of messed up, but I'm not clear that he actually filed a timely motion to reopen on the basis of ineffective assistance of counsel in filing the brief late. It looked like in the motion to reconsider, what he said was the BIA was wrong to summarily deny his asylum petition, rather than that it was wrong to have not granted the motion to reopen in order to consider the late brief because of counsel's ineffective assistance in filing it late. My understanding is that that motion was submitted on June 14, 2002. It was denied by the Board on December 20, 2002, and a review petition was admittedly never filed. However, Board in its March 11, 2003 decision reviewed the entire record, Your Honor. In its footnote, the Board has reviewed all its prior orders, and also the Board reviewed the IJ's July 2, 1997 decision. That constitutes the entire record. Well, it's true they review the entire record, but that doesn't mean that they consider granting relief that is not asked for in the motion or petition before them at the moment. But, Your Honor, we submit that the review triggered jurisdiction to this Court. You're saying when they review anything, they review everything, and that puts everything under reconsideration. Your Honor, we didn't ask the Board to review the entire record, but they still did it anyway. And I submit... That doesn't mean they reconsidered it. It just means they read it. They reviewed, rather, Your Honor, and I... You're saying it means they reconsider everything? That's correct, Your Honor. So it's like a new decision on everything. That's correct, Your Honor. That's what my interpretation is. And that triggered jurisdiction to this Court to review the entire record, including Board's denial of petitioner's motion to reopen dated December 20, 2002. You know, I reserve the rest of time for rebuttal. Very good. Thank you. We'll hear from the government. May it please the Court, James Grimes for the Attorney General. Your Honors, it might be best if I lay out procedurally where we are. There are three decisions from the Board. You had the initial dismissal of the appeal. Then you had a denial of a motion to reopen for ineffective assistance with counsel. Then you had a denial of a motion to reconsider, the denial of the motion to reopen. Three decisions, two petitions for review. You got a petition for review of the initial dismissal of the appeal. Then, you have a petition for review of the denial of the motion to reconsider, no petition for review with respect to the denial of the motion to reopen for ineffective assistance. So if I could proceed chronologically, turning to the denial of the original appeal, the Board rejected Sting's brief because it was untimely. So the only argument that was before the Board was the argument that was contained in the notice of appeal, which is in the record at page 122. If the Court were to review that, I think the Court would see that that's basically a cursory argument, basically three sentences, two arguments, assertions of error, that don't really provide the Board with any guidance as to what specifically is at issue. Is the Government relying on the lateness of the brief, or? Well, I was going to get to that, because I think that becomes the issue, whether or not the Board was correct to do that. But looking at the Board's ultimate decision, there was really nothing before the Board. To look at the – to use the language from Toqueiro, the notice of appeal gave no meaningful guidance to the Board as to what's wrong. So looking at that, did the Board correctly dismiss the appeal for failure to meaningfully specify the issue? So then we turn to Your Honor's question. Did the Board properly reject Sting's brief? And there is no dispute that the brief was untimely. I don't believe there's a dispute that the Board has the power to control its docket, Your Honor alluded to that. And I think that Mr. Sting has recognized that really what his remedy in that sort of situation is, if he can't convince the Board to accept his brief, is to file a motion to reopen for ineffective assistance, which, in fact, is what he did. And I believe this Court alluded to that in footnote 5 of the Toqueiro decision, in which this Court said that in a situation like that, where fees have not been paid or there's some sort of dispute, then it's incumbent upon counsel to protect the alien's right through filing some sort of motion with the Board. But with respect to the Board's decision, is the government relying on two theories or one? Well, I guess there are two different decisions. There's the decision to not accept the brief and then the resulting decision to dismiss the appeal because there was no argument before the Board. As to the decision to not accept the brief, we believe that decision was correct. It was untimely. And then as to the resulting decision, there was no argument before the Board under this Court's case law, Toqueiro. And the petition to reopen timely? My recollection, if a Petitioner's Counsel indicates that it was filed in June of 2002, the original appeal was dismissed March 29th, I think, of 2002. That would mean it was within 90 days, so that would make it timely. It was timely. Yes. But then it was defective because he didn't put in any reasons for reopening. Well, the motion to reopen was for ineffective assistance of counsel. I believe it was defective because he did not fully comply with Lozada. But again, he did not file a petition for review of that with respect to that decision. So that decision, the denial of the motion to reopen for ineffective assistance, is not before the Court. It was not appealed. I mean, he didn't preserve his record on that one. He didn't file a petition for review with this Court. Third? Now a third petition? Then there is not a third petition, Your Honor. Excuse me. There's a second petition with respect to the motion to reconsider. To reconsider that denial of the reopening for ineffective assistance. Exactly. Presented by an ineffective counsel. Right. And the problem with the motion to reconsider is that if you were to look to the motion to reconsider, which is in the record of pages 8 through 19, the motion to reconsider doesn't address the decision of which he was seeking reconsideration. In fact, if you look at page 8, he says, I am seeking reconsideration of the denial of the motion to reopen. The first ineffective assistance was pretty egregious, and it appeared on the face of the record. It was a promise to submit a brief later, which was never submitted. I mean, if that isn't ineffective, I don't know what is, but. Well, you certainly he you have a fair indication of ineffective assistance. I agree with you, Your Honor. But the problem is he did not file a complaint with his bar association, with the State Bar. And the reason why that's important is because.  Exactly. Exactly, Your Honor. Sometimes in those failures, like with Lozada cases, we scramble around and find something. That's true, Your Honor. Isn't this the one where the lawyer just admitted, I messed up, I thought he hadn't paid me, but he had paid me? Yes, Your Honor. And if he had, if there had been a complaint with the bar. So you sort of don't need the complaint to the bar to establish that the lawyer just plain dropped the ball. Well, I respectfully disagree with you, Your Honor. We don't know whether the reason for that requirement is to prevent collusion between counsel and the client. And that, if the bar complaint had been filed, then we might know for sure whether or not it was actually counsel's fault or Mr. Singh's fault that the brief was not filed. Maybe he didn't pay the fees. Maybe he didn't ask for a brief to be filed. I don't know. He didn't file the complaint. But in any event, that issue is not before the Court because he did not file a petition for review in respect to that decision. Before we run out of time, there is an issue I think is before the Court, and that is the difference between the Convention against Torture and the other. That's correct, Your Honor. Now, there was no explanation of what the Board thought about that, was there? The Board at page 91 of the record referred to what the immigration judge's decision which it referred to the page of the immigration judge's decision and that page. And I'm, excuse me, I'm referring to the record that's with respect to the second petition for review because that record actually has everything that's in it. So if you were to look to page 91 of the Board's decision, it refers to page 137, what is found at page 137, which is the immigration judge's decision, which looks to change country conditions. And I believe what he's referring to is found at pages 300, 301, and 302. And that information indicates that the situation in the Punjab is normalized. There is no longer any abuses with respect to militancy by the ---- Normal in Punjab could be fairly turbulent. Well, the record indicates that there is, there was no more, there were no more abuses with respect to militancy by the police. And the Akali Dal had won the election and formed a government. And that's significant in this case because Prishner Singh alleged that he was a supporter of the Akali Dal and the AISSF, so on. A comment on the Kamalthis case, if I pronounced that correctly. You're going to have to forgive me, Your Honor. I can't, I can't place the ---- Well, the Kamalthis case, which is, as I understand, relied upon by ---- I have no doubt that that's, that's correct. It's just at this point it escapes me. All right. Well, the question is, is whether with respect to a CAT claim, whether there's been a sufficient showing, we've all opened our preparation materials to Kamalthis versus INS. I suppose you have as well. I haven't agreed, Your Honor. My response ---- Oh, you didn't bring the cases? That under Gonzales-Hernandez, which indicates that if there, if the agency reasonably construes the country conditions, then that determination is supported by substantial evidence. And here, the country conditions evidence at pages 300 to 302 goes directly to the conditions with respect to his claim. And his claim is that he was being abused because he was a supporter of the Akali Dal. Well, now we know the Akali Dal formed the government of Punjab, and there are no more abuses with respect to militancy. So even if he had previously had a valid claim, he no longer has one because he has no legitimate fear of torture or persecution on that ground. In any event, the Board then properly denied the original appeal and the motion with respect to the Convention Against Torture, which brings us to the second petition, which concerns the motion to reconsider the denial of the motion very open. But as I said, that motion did not address the motion, the decision that he was seeking reconsideration of. And because he didn't address that motion or didn't address that decision, then the Board could not have abused its discretion in denying his motion to reconsider. Now, there is the footnote that's in the Board's decision, but I would ask the Court to keep in mind that the Board issued a straight denial of the motion to reconsider, and that footnote is clearly in the alternative. It starts with the word if, if the following were the case. So you – I would submit that if the Board had – were really considering the merits, it would not – it would not have denied the motion to reconsider. It would have granted the motion to reconsider and denied on the merits. But that's not what the Board did. So those are clearly alternative holdings that this Court does not need to reach. And in any event, I don't believe that Mr. Singh has addressed that – addressed that issue, at least the denial of his motion to reconsider, in his brief before this Court. For those reasons, we ask that you deny the petitions for review. Thank you, Counsel. Mr. Bakri? What about that torture convention argument? There was a specific reference by the BAA to the country conditions, to the country report. Isn't that enough? Your Honor, I respectfully submit that the Board's finding as to change in country condition is sufficient. Your Honor, record does not clearly state that there is a fundamental change in circumstances. Ninety-ninety-seven elections in the Punjab does not reflect fundamental change in circumstances. A regime change doesn't mean that there's a fundamental change. Six in the state of Punjab are safe simply because a Khalid has won an election. Well, what about the point that Mr. Singh's party won? And he was an officeholder in the party that held in the election, so he really doesn't have to worry much about being abused by the party in power. He'll be abused by the Indian police again later, but that goes on all the time, apparently. Your Honor, my understanding is that Petitioner Singh was a member of a Khalid al-Man party, and he was also affiliated with All India Sikhs' Rule Federation. None of these parties ever came into power. It was a pro-Bharatiya Janata Party, a Hindu fundamentalist party, which is a Khalid al-Badal. That won 1997 election. And if I pull the record quickly, there was, right after the election in 1997, there was assassination of a Khalid al-Man leader. That's part of the record, Your Honor. So record doesn't reflect that there was a fundamental change in circumstances. And, Your Honor, the other thing I would like to address, it is clear that boards board an inherent power in the form of discretion in accepting or rejecting late briefs. It is undisputed, no question about it. However, the discretion must be used with caution and in light of the principles of fairness, impartiality, justice, and due process. And in this particular case, those principles were not followed. Boards simply rejected the brief, didn't look at it, simply rejected the brief without giving a reason. Counsel? Yes. I think that's your strongest argument, the one you're making right now, that they should have reopened to consider the late brief because the lawyer just plain made a mistake. Yes, Your Honor. And admitted it. Yes, Your Honor. However, their decision on the motion to reopen says, or rather the motion to reconsider, the motion to reopen was not appealed to us. There's no petition for review from the motion to reopen. And I don't think it was or it's not before us. What's before us is the petition for review from the denial of the motion to reconsider. But the motion to reconsider doesn't say that there was any error in the order denying the motion to reopen, according to the BIA. Instead, it attacks the other order, the previous order. So why would we consider whether they made a mistake in not accepting and not reopening to consider the late brief? You know, I think the board made a mistake to begin with in its March 29, 2002 order. When, in that particular order, they stated that we summarily dismissed, no, Your Honor, the decision on the marriage was 1998 interim decision of the board, wherein they returned the brief to the council and stated a decision on the marriage will be forthcoming. And that's part of the record, Your Honor. That's 1998 interim decision of the board. Thank you, Counsel. Thank you, Your Honor. Your time has expired. The case just argued will be submitted for decision. And we will hear argument in Maharaj versus Gonzalez.
judges: Goodwin, O'scannlain, Kleinfeld